**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Timothy P. Janusz,

Petitioner,

v.

Rob Mundt, sued as Rob Mundt,
Warden, FCI Waseca,

Respondent.

Civil No. 01-1756 (DWF/AJB)

**ORDER AND MEMORANDUM**

---

Timothy P. Janusz, *pro se*, #26788-013, Unit D, Federal Correctional Institution, P.O. Box 1500, Waseca, MN 56093, Petitioner.

Patricia R. Cangemi, Assistant U.S. Attorney, 600 U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, counsel for Respondent.

---

The above-entitled matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge Arthur J. Boylan, dated March 4, 2002, recommending that Petitioner's Application for a Writ of Habeas Corpus be denied and the action dismissed with prejudice. Objections to the Report and Recommendation have been filed by the above-named Petitioner. Respondent has filed a Reply to Petitioner's Objections.

The Court has conducted a *de novo* review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c). Based upon the Court's review of the record, the Court's review of the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby adopts the Report and Recommendation.

Accordingly, **IT IS HEREBY ORDERED THAT:**

1. Magistrate Judge Arthur J. Boylan's Report and Recommendation dated March 4, 2002 (Doc. No. 19) is **ADOPTED**;

MAR 26 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD MAR 26 2002
DEPUTY CLERK

2. Petitioner's Application for a Writ of Habeas Corpus (Doc. No. 1) is **DENIED**; and

3. This action is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 26, 2002

DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

Petitioner Timothy P. Janusz challenges the Bureau of Prisons's ("BOP") decision that Mr. Janusz is ineligible for placement, pursuant to 18 U.S.C. § 3624(c), in a Community Corrections Center ("CCC"); the BOP determined that Mr. Janusz is ineligible for CCC placement because he is a "flight risk." Because Mr. Janusz is ineligible for CCC placement, he is automatically ineligible for early release pursuant to 18 U.S.C. § 3621(e)(2)(B), which allows early release for certain federal inmates who complete a substance abuse rehabilitation program. Mr. Janusz brought this habeas action alleging that the BOP decision regarding his ineligibility for CCC placement is arbitrary and capricious, violates his constitutional right to due process, and violates the terms of the treaty pursuant to which Mr. Janusz was extradited to the United States from the Dutch Antilles.[1]

[1] During the term of his incarceration, Mr. Janusz escaped from a federal prison facility and fled to the Dutch Antilles. More than a year after his escape, he was apprehended and extradited back to the United States for completion of his sentence.

The Court has carefully reviewed the substance of Mr. Janusz's habeas petition and the arguments he makes in his various briefs. The Court nevertheless agrees with the Judge that Mr. Janusz's petition should be denied. Pursuant to 18 U.S.C. § 3625, this Court has only limited authority to review adjudicative decisions by the BOP. Specifically, this Court may only review adjudicative decisions, such as the decision that Mr. Janusz is ineligible for CCC placement, for constitutional impropriety or for overreaching of the BOP's statutory authority; contrary to Mr. Janusz's assertion, the "arbitrary and capricious" standard of review is inapplicable. Here, there is no evidence that the BOP has overreached its statutory authority to make determinations about CCC eligibility. Moreover, because Mr. Janusz has no protected liberty or property interest in CCC placement and because he has alleged no other constitutional infirmity in the BOP's decision, Mr. Janusz has not stated a colorable constitutional claim. *See generally Lyle v. Sivley*, 805 F. Supp. 755 (D. Ariz. 1992) (discussing these issues in great detail).

Finally, with respect to Mr. Janusz's contention that the BOP's decision violates the extradition treaty pursuant to which he was remanded to U.S. custody, the Court agrees with the Magistrate Judge that Mr. Janusz misreads the law on this issue. The Rule of Specialty clause invoked by Mr. Janusz, which prohibits the United States from prosecuting or punishing Mr. Janusz for his escape, does not prohibit the BOP from noting that escape in making decisions about how to execute Mr. Janusz's pre-existing sentence. *See Leighnor v. Turner*, 884 F.2d 385 (8th Cir. 1989).

The Court notes that Mr. Janusz has alleged that Magistrate Judge Boylan misapprehended essential facts to Mr. Janusz's claims. The Court has reviewed the record and finds that any factual errors in the Magistrate Judge's opinion were inconsequential and nondispositive.

D.W.F.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.